916 F.2d 713
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
LAPEER FOUNDRY & MACHINE, INC., Respondent.
 No. 90-6093.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1990.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges; and JOHN W. PECK, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Lapeer Foundry & Machine, Inc., Lapeer, Michigan, its officers, agents, successors, and assigns, enforcing its order dated March 7, 1989, in Case No. 7-CA-27919, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, Lapeer Foundry & Machine, Inc., Lapeer, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Discharging any employee or threatening to take reprisals against or discharge any employee because he engages in protected concerted or union activity.
 
 
 4
 (b) Coercing, restraining or interfering with employees' rights protected by Sec. 7 of the Act by interrogating employees about their union activities or soliciting their complaints and grievances.
 
 
 5
 (c) In any other manner interfering with, restraining or coercing employees in their right to self-organization, to form, join or assist a labor organization, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection or to refrain from any or all such activities.
 
 
 6
 2. Take the following affirmative action which is deemed necessary to effectuate the policies of the National Labor Relations Act:
 
 
 7
 (a) Offer David Bedore immediate and full reinstatement to his former job, or if such job no longer exists, to a substantially equivalent position, without prejudice to his seniority or other rights and privileges previously enjoyed, and make him whole for all earnings lost by reason of the discrimination against him as set forth in the "REMEDY" section of the Administrative Law Judge's Decision.
 
 
 8
 (b) Delete from its files any reference to the March 8, 1988 discharge of David Bedore and notify him in writing that this has been done and that any evidence of this discharge will not be used in any way.
 
 
 9
 (c) Preserve, and upon request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due him.
 
 
 10
 (d) Post at its Lapeer, Michigan place of business, copies of the attached notice marked "Appendix." Copies of said Notice on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being duly signed by Respondent's authorized representative shall be posted by Respondent immediately upon receipt thereof, and be maintained by it for 60 consecutive days thereafter in conspicuous places where notices to employees customarily are posted. Reasonable steps shall be taken by Respondent to insure that said notices are not altered, defaced or covered by any other material.
 
 
 11
 (e) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 12
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 13
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 14
 THIS NOTICE IS POSTED PURSUANT TO A RECOMMENDED ORDER OF AN ADMINISTRATIVE LAW JUDGE AFTER A TRIAL IN WHICH BOTH SIDES HAD THE OPPORTUNITY TO PRESENT EVIDENCE. THE ADMINISTRATIVE LAW JUDGE FOUND THAT WE VIOLATED THE NATIONAL LABOR RELATIONS ACT AND HAS ORDERED US TO INFORM OUR EMPLOYEES OF THEIR RIGHTS.
 
 
 15
 The Act gives all employees the following rights:
 
 
 16
 To organize; to form, join or help unions; to bargain as a group through representatives of their choosing; to act together for collective bargaining or other mutual aid or protection, or to refrain from any or all of the above activities.
 
 We assure you that
 
 17
 WE WILL NOT do anything to interfere with these rights.
 
 
 18
 WE WILL NOT discharge or threaten to discharge employees for engaging in protected, concerted or union activities.
 
 
 19
 WE WILL NOT threaten to take reprisals against employees because they engage in union activities.
 
 
 20
 WE WILL NOT interrogate our employees about their union activities or solicit their complaints and grievances.
 
 
 21
 WE WILL NOT in any other manner interfere with, restrain or coerce employees in the exercise of rights guaranteed by the National Labor Relations Act, as amended.
 
 
 22
 WE WILL offer David Bedore immediate and full reinstatement to his former job, or if that job no longer exists, to a substantially equivalent position, without prejudice to his former seniority or privileges previously enjoyed, and WE WILL make him whole for any loss of earnings and other benefits resulting from his discharge, less net interim earnings, plus interest.
 
 
 23
 WE WILL expunge from our files any reference to the discharge of David Bedore on March 8, 1988 and notify him that this has been done and that evidence of his unlawful discharge will not be used in any way against him.
 
 LAPEER FOUNDRY & MACHINE
 
 24
 /S/ (Employer)
 
 
 25
 Dated: ______________________________________________________ By:
 
 
 26
 (Representative) (Title)